OPINION
{¶ 1} Appellants Robert and Katherine Welling appeal a judgment of the Stark County Common Pleas Court, affirming the decision of appellee Perry Township Board of Zoning Appeals (BZA), to grant a conditional use permit to appellee Lauri Weinfeld:
 {¶ 2} "I. THE COMMON PLEAS COURT JUDGMENT HOLDING THAT APPELLEE LAURA WEINFELD, IS ENTITLED TO OPERATE HER MULTI-PURPOSE BANQUET HALL BUSINESS AS A CONDITIONALLY PERMITTED USE UPON HER PROPERTY LOCATED IN AN R-3 RESIDENTIAL DISTRICT ZONE IS CONTRARY TO LAW.
 {¶ 3} "II. THE COMMON PLEAS COURT JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} Appellants own property adjacent to property owned by appellee Weinfeld in the Dee Mar Allotment in Perry Township, Stark County, Ohio. Weinfeld purchased the property in June of 1998. The property consisted of two parcels. The parcel at issue in the instant case is commonly known as "Lakeside Center." A lake, a multi-purpose banquet hall used for wedding receptions and parties, and a gazebo used for weddings are located at the Center. Prior property owners constructed the banquet hall in the early 1990's.
 {¶ 5} Prior to Weinfeld's purchase of the property, the property was used as an indoor property rental hall, picnic pavilion, boat dock, and bait shop. In 1990, BZA re-zoned the area from B-1 commercial to R-3 residential. The property continued to be used for commercial activities pursuant to a conditional use permit granted by BZA.
 {¶ 6} On May 21, 1999, Weinfeld filed an application for a conditional use permit to continue conducting weddings and parties on the property. The permit was granted. On June 4, 2001, BZA renewed the conditional use permit.
 {¶ 7} Appellants appealed the renewal permit to the Stark County Common Pleas Court. The court affirmed the grant of the conditional use permit.
 I {¶ 8} Appellants first argue that the court's decision affirming BZA's grant of the conditional use permit is contrary to law. R.C. 2506.04
sets forth the standard of review of a decision of an administrative agency. Under that statute, the Common Pleas Court may find that the decision of the Board is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of the substantial, reliable, and probative evidence on the whole record. The statute grants a more limited power to the Court of Appeals to review the judgment of the common pleas court only on questions of law. Bench Signs Unlimited,Inc. v. Lake Township Board of Zoning Appeals, Stark Appellate No. 2002CA0096, 2002-Ohio-5436. The power of the court of appeals to review the judgment of the common pleas court on questions of law does not include the extensive power to weigh the preponderance of substantial, reliable, and probative evidence that is granted to the common pleas court. Id.
 {¶ 9} Appellants first argue that the court erred in affirming the grant of the conditional use permit, as the zoning resolution only allows outdoor recreational uses as a permitted conditional use, and the activities being conducted on the property do not fit within the category of permitted uses under the resolution.
 {¶ 10} The portion of the zoning resolution pursuant to which BZA granted the conditional use permit states that BZA may issue conditional zoning certificates for uses herein, subject to the general requirements of Article XI, and to the specific requirements of Article XI, including:
 {¶ 11} "Private or governmentally owned and/or operated picnic areas, playgrounds, parks, swimming facilities, golf courses, tennis clubs, country clubs, riding academies, and other outside recreational facilities or uses subject to Article XI, Subsections 101, 102, 103, 104, 105, 108, 114, 123, 127, 128, 131."
Zoning Resolution Sec. 703.2(B)(12).
 {¶ 12} While Sec. 703.2(B)(12) includes the phrase "outside recreational facilities," the facilities specifically mentioned in the resolution, such as swimming facilities, golf courses, tennis clubs, country clubs, and riding academies could have both inside and outside facilities and activities. Lakeside Center includes both inside and outside facilities, as the facility makes use of the banquet center, the lake, and the gazebo. The type of activity conducted at the subject property is similar in nature to country clubs and other facilities referred to specifically in the resolution. The court did not err in finding that the type of use complies with the zoning resolution.
 {¶ 13} Appellants next argue that the court erred in affirming the conditional use permit as granted, as the zoning resolution requires a 100 foot setback from neighboring property, while BZA granted the permit with a 60 foot setback. Appellants argue BZA had no authority to modify the setback requirements as set forth in the resolution from 100 feet to 60 feet.
 {¶ 14} Appellees argue that BZA could issue a variance to excuse compliance with the setback requirements, as the gazebo is located inside the 100 foot setback.
 {¶ 15} R.C. 519.14 allows a township Board of Zoning Appeals to grant conditional zoning certificates for the use of land, buildings, or other structures if such certificates for specific uses are provided for in the zoning resolution. The statute does not vest township boards with authority to grant conditional zoning certificates independent of the resolution. Gerzeny v. Richfield Township (1980), 62 Ohio st.2d 339.
 {¶ 16} Appellees correctly note that the setback requirement may be changed through use of a variance. Appellees cite numerous cases to this court where both a conditional use permit and a variance were granted. In fact, in Gerzeny, supra, the Ohio Supreme Court specifically stated that while the property owner was not entitled to the conditional use permit because he did not meet the specific requirements as set forth in the zoning resolution, he may be entitled to relief from the effect of the zoning resolution if the exclusion of his proposed use, under the particular circumstances, entitled him to a variance.
 {¶ 17} In the case sub judice, appellee Weinfeld did not request a variance from the 100 foot setback requirement, nor did BZA consider the issue of whether she would be entitled to a variance under the appropriate legal standard. R.C. 519.14(B) allows the Board to authorize certain variances under special conditions where the terms of the variance would not be contrary to public interest, and strict enforcement would lead to unnecessary hardship to the claimant. In the instant case, there is nothing in the record from the hearing before BZA to indicate that BZA considered the setback issue as a variance, nor did they analyze the setback under the appropriate legal standard for a variance.
 {¶ 18} The Court of Common Pleas found that pursuant to R.C.519.14(D), BZA may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from, and may make such order, requirement, decision or determination as should be made. However, that statute specifically states that in exercising the powers as enumerated in R.C. 519.14, the Board may only take action in conformity with prior subsections of the statute. R.C. 519.14(C) specifically states that the Board may grant conditional zoning certificates only if such uses are provided for in the Zoning Resolution. The statute does not give the Board the authority to modify the specific requirements set forth in the Zoning Resolution, aside from the power to issue a variance.
 {¶ 19} Finally, appellants argue that the court erred in allowing the conditionally permitted use on the basis that it is a prior non-conforming use. A careful reading of the court's judgment reflects that the court did not base its decision on the conclusion that this was a prior non-conforming use, but rather found that the conditional use permit met the requirements of the Zoning Resolution and the statute.
 {¶ 20} The first assignment of error is sustained as to the issue of the 60 foot setback. The assignment of error is overruled in all other respects.
 II {¶ 21} Appellants next argue that the decision of BZA is against the manifest weight of the evidence. As correctly noted by the Common Pleas Court, in the case of evidentiary conflicts, the court is to defer to the determination of the administrative body, which as the fact finder, had the opportunity to observe the demeanor of witnesses and weigh the credibility of such witnesses. University of Cincinnati v.Conrad (1980), 63 Ohio St.2d 108, 111. As noted by the court, there was evidence presented on the both sides as to whether or not to grant the conditional use permit, and the weighing of such evidence is within the discretion of BZA. The court did not err in finding that BZA's decision was supported by the preponderance of substantial, reliable, and probative evidence upon the whole record.
 {¶ 22} Appellants also argue that the court's judgment is against the manifest weight of the evidence, as the record does not support the court's findings that appellants failed to challenge the conditional use permit in 1990 or 1992 when the property was being used in primarily the same manner as it is now. While the record is somewhat unclear concerning the issuance of prior permits and prior uses of the property, the court did not base its decision on this evidence, as noted in I above.
 {¶ 23} The second assignment of error is overruled.
 {¶ 24} The judgment of the Stark County Common Pleas Court is affirmed in part and reversed in part. The grant of the conditional use permit is affirmed in all respects except for the modification of the setback requirement from 100 feet to 60 feet. The modification of the setback requirement from 100 feet to 60 feet in the conditional use permit is reversed. This case is remanded to the Stark County Common Pleas Court for further proceedings according to law.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
zoning-conditional use permit-variance.